EMMA L. HUNT, Appellant, v. IOWA STATE TRAVELING

MEN'S ASSOCIATION, Appellee.

INSURANCE: Mutual Benefit—Amendments to By-Laws—Notice
1 to Member. A member of a mutual benefit society may not complain, in the absence of allegation and proof of fraud, that his attention was not called to amendments to the constitution and by-laws adopted shortly before he became a member. So held where a prior adopted amendment shortened the period in which the assured should die after an accident in order to render the association liable.

INSURANCE: Mutual Benefit—Amendments to By-Laws and Con-
2 stitution. The force and effect of a reasonable amendment to the by-laws and constitution of a mutual benefit insurance association, duly adopted prior to a member's becoming such, are not obviated by the fact that, at the time of delivering a certificate to such member, the association also delivered to him a copy of its by-laws and constitution which did not show said amendment, no fraud or estoppel being pleaded.

*Appeal from Polk District Court.*—WM. H. MCHENRY, Judge.

SATURDAY, DECEMBER 16, 1916.

REHEARING DENIED JUNE 22, 1917.

ACTION at law to recover $5,000 as a death benefit under a certificate of accident insurance in the defendant

company. There was a directed verdict for the defendant in the court below, and the plaintiff has appealed.—*Affirmed.*

*Fred E. Smith and Nourse & Nourse,* for appellant.

*Sullivan & Sullivan,* for appellee.

EVANS, J.—The defendant is a mutual assessment company, and insures its membership against accident only. The plaintiff is the beneficiary of a certificate of accident insurance, issued by the defendant association to her husband, Fred R. Hunt. At the time of his application, Hunt was a resident of Eugene, Oregon, and so continued until the time of his death. He became a member of the association in the early part of 1910, and died on July 17, 1914. It is claimed by the plaintiff that his death was accidental, in that it was the direct result of an accidental fall sustained by him on February 2, 1914.

Prior to January 15, 1910, the by-laws of the defendant association provided for the payment of a death benefit for accidental death, provided such death resulted within 26 weeks after the injury causing the same. On January 15, 1910, the by-laws were amended by limiting the death benefit to those cases where death resulted within 90 days after the injury causing the same. The petition of the plaintiff alleged that Hunt became a member of the association while the "26 weeks" provision was in force, and the action is predicated upon that allegation. This allegation is denied in the answer. The facts pertaining to the original membership of Hunt, as they appear in the evidence, are that Hunt's application for membership was dated on January 14, 1910, at Eugene, Oregon. Such application was received at the office of the association in Des Moines on January 20th. The application was approved and a certificate issued and mailed to the insured on February 7, 1910. By the terms of his application, and

by the certificate later accepted, Hunt agreed to be bound by the "articles of incorporation and by-laws as from time to time they may be changed or amended." The articles and by-laws of the defendant association provided for their amendment at any annual meeting, which annual meeting was to be held each year on the third Saturday in January. It was also provided that any proposed amendment to a by-law should be filed with the secretary 30 days before the next annual meeting, and that notices thereof should forthwith be mailed to the membership. This procedure was followed as to the amendment adopted on January 15, 1910, whereby the "90 days" limitation was adopted. The plaintiff denies the legality of the adoption of such amendment. This denial is predicated upon the alleged fact that no notice of such proposed amendment or its adoption was ever received by Hunt; and further, that, when the certificate of membership was mailed to Hunt, there was mailed therewith a copy of the 1909 by-laws.

While the articles and by-laws of the defendant required notice of a proposed amendment to be mailed to the members *before* action thereon at the annual meeting, there is no provision requiring notice of the actual adoption of an amendment to be thus mailed thereafter. Nevertheless, it is made to appear by the defendant that, on March 1, 1910, notice of the adoption was actually mailed to all the membership of the association, including Hunt. The nature of the proof is that, immediately upon the issuance of Hunt's certificate, his name was placed in the addressograph, an instrument intended to include the name of every member of the association, and which printed the name of each automatically in its turn, and that this instrument was used invariably for the purpose of addressing all communications to the membership. All the notices of assessment were mailed by the use of such instru-

ment, and those addressed to Hunt were all received by him.

It is claimed for the plaintiff that Hunt never received the notice and copy mailed on March 1, 1910. The method of proof is the testimony of the plaintiff, who was the wife of the insured, to the effect that she aided the insured in his work and kept his books and opened and read his mail, and that she had no recollection or knowledge of ever having seen the notice referred to. It further appeared for the defendant that, at the annual meeting of 1912, there was a further amendment of the by-laws, and that this amendment included a recital of the previous amendment pertaining to the "90 days" provision; that notice of this proposed amendment was mailed to all the membership of the association in advance of the annual meeting; and that notice of its adoption was later mailed to all the membership. It is claimed for the plaintiff that these notices were not received by Hunt, the method of proof being the same as already stated. It is further made to appear without dispute that, on two occasions, first in 1912, and later in the early part of 1914, Hunt allowed his insurance to lapse by failure to pay his assessment. In each case, he made application for reinstatement, and in such application agreed to be bound by the provisions of the articles and by-laws then in force.

Evidence was introduced on behalf of plaintiff tending to show that the death of the insured on July 17, 1914, was the result of an accidental fall on the sidewalk sustained by him on February 2d. On behalf of the defendant, the evidence tended to show that the death of the insured resulted from natural causes only. The trial court directed a verdict for the defendant mainly upon the ground that the death of the insured did not occur within 90 days after the alleged accidental cause thereof.

It will be seen from the foregoing that

**1. INSURANCE: mutual benefit: amendments to by-laws: notice to member.** the question before us at this point is not whether the amendment of January 15, 1910, was a reasonable one, but whether such amendment was in fact adopted on such date, and before Hunt became a member of this association. We see no ground in the record to claim anything to the contrary. The fact that Hunt received no notice of the proposed amendment in advance of the annual meeting proves nothing. He was not at that time a member, and was not entitled to such notice. His application was not even received until January 20th. Even the fact, if it be a fact, that he did not receive the subsequent notice of March 1, 1910, with a copy of the amendment, could not have the effect to defeat the legality of the adoption of the amendment. Such subsequent notice was not required at all by the by-laws; much less was it a condition to the legality of the adoption already done. The adoption of such amendment being conclusively established, it was necessarily binding upon subsequent members, in the absence of fraud or estoppel. The petition in this case is not predicated upon either fraud or estoppel. It distinctly alleges that the previous by-laws, containing the "26 weeks" provision, were in force and thereby became a part of the contract of insurance. The proof wholly fails to sustain such allegation.

By way of reply, however, the plaintiff

**2. INSURANCE: mutual benefit: amendments to by-laws and constitution.** denied the legality of the adoption of the alleged amendment, and pleaded that a copy of the 1909 by-laws was sent to him with his certificate of insurance. No fraud is charged; no estoppel is pleaded in terms. The fact that a copy of the 1909 by-laws was sent with the certificate is pleaded in the reply in support of the plaintiff's denial that such original by-law had been superseded by an amendment.

The only function of the reply was to avoid affirmative matter pleaded in the answer. Plaintiff's case must still rest upon the allegations of her petition.

We see no escape from the conclusion upon this record that the "26 weeks" provision was not in force and the "90 days" provision was in force when the insured became a member; and in this respect, the plaintiff failed to sustain the allegations of her petition. For this reason, the judgment of the lower court must be affirmed.—*Affirmed.*

DEEMER, WEAVER and PRESTON, JJ., concur.